UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 0:15-cv-61536-BLOOM/VALLE

KEISHA HALL,

    Plaintiff,

vs.

TEVA PHARMACEUTICAL USA, INC.,

    Defendant.

_____/

**DEFENDANT TEVA PHARMACEUTICAL USA, INC.'S SUPPLEMENTAL
RESPONSES AND OBJECTIONS TO
<u>PLAINTIFF'S FIRST SET OF INTERROGATORIES</u>**

    Defendant Teva Pharmaceutical USA, Inc. ("Teva" or "Defendant"), by and through the undersigned counsel, hereby answers and objects to Plaintiff's First Set of Interrogatories ("Interrogatories") in the above-referenced matter as set forth below. These responses and objections reflect Defendant's current knowledge and the result of its investigation to date. Defendant reserves the right to amend or supplement these responses in the future as may be necessary or appropriate. Pursuant to Rule 34(b)(2)(B), to the extent not all information responsive to these Interrogatories is produced within 30 days of service, Defendant will produce non-privileged information responsive to these Interrogatories by a date agreed upon by the parties.

EXHIBIT 1

## **GENERAL OBJECTIONS**

1. Defendant objects to Plaintiff's Interrogatories to the extent that they seek information protected from discovery by the attorney-client privilege, the work product doctrine, and/or other applicable privileges.

2. Defendant objects to Plaintiff's Interrogatories to the extent they seek documents and/or information which are of a confidential, proprietary, personal or private nature to Defendant or its current or former employees. Such confidential, proprietary, personal, or private information will be produced, to the extent not otherwise objectionable, only subject to the terms of a stipulated order of confidentiality.

3. Defendant objects to Plaintiff's Interrogatories to the extent that they seek information for a period of time that is overbroad and/or encompasses dates irrelevant to this action.

4. Defendant objects to Plaintiff's Interrogatories to the extent that they impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure and/or the Local Civil Rules for the United States District Court for the Southern District of Florida.

5. Defendant objects to Plaintiff's Interrogatories to the extent that they seek information that is irrelevant, immaterial, and/or not reasonably calculated to lead to the discovery of admissible evidence.

6. Defendant objects to Plaintiff's Interrogatories to the extent that they are overbroad, unduly burdensome, and/or oppressive.

7. Defendant objects to Plaintiff's Interrogatories to the extent that they are served for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

8. Defendant objects to Plaintiff's Interrogatories to the extent that they are vague, ambiguous, unclear, imprecise, and/or lacking particularity.

9. Defendant objects to Plaintiff's Interrogatories to the extent that they purport to require the production of information not within the present possession, custody, or control of Defendant, or information that is already in the possession of Plaintiff or is equally available to Plaintiff.

10. Defendant incorporates these objections into each and every response below to the extent applicable. Defendant also reserves the right to raise objections at trial regarding the admissibility of any of the information that Defendant provides or agrees to provide.

11. The responses below set forth Defendant's present knowledge and information based on its investigation to date, which is continuing. Defendant reserves the right to supplement or amend these responses as may be necessary or appropriate in the future.

## INTERROGATORIES

1. Please identify each person who participated in answering these interrogatories and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed.

**RESPONSE**:

Defendant objects to Interrogatory No. 1 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. For instance, this Interrogatory purports to require production of information generated by Teva's outside counsel

3

in connection with its investigation of the Complaint. Defendant further objects to this Interrogatory to the extent it seeks information which is irrelevant, immaterial, and/or not reasonably calculated to lead to the discovery of admissible evidence. For example, this Interrogatory purports to require the identification of all persons who participated in the drafting of these responses, including secretarial and paralegal support. Accordingly, information responsive to this Interrogatory will not be produced based on these objections.

Subject to and as narrowed by these objections, Defendant responds as follows:

- Diana Borges – Compliance Officer for Global Systems Marketing – Ms. Borges can be contacted through the undersigned counsel.

- Lisa Devitis – Former Teva employee – Ms. Devitis can be contacted through the undersigned counsel.

- Debbie Griffin – Chief Accounting Officer – Ms. Griffin can be contacted through the undersigned counsel.

- Pamela Daknis – U.S. Human Resources Lead, Generics & Support Functions – Ms. Daknis can be contacted through the undersigned counsel.

- Thelma Caballero-Powell – Former Associate Human Resources Director in Weston, Florida – Ms. Caballero-Powell can be contacted through the undersigned counsel.

- Jennifer Flaisher – Vice President of Human Resources for the United States – Ms. Flaisher can be contacted through the undersigned counsel.

2.      Please provide the name, address, telephone number, place of employment and job title of any person who has, claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings (as defined in Federal Rule of Civil Procedure 7(a)) filed in this action, or any fact underlying the subject matter of this action, including the matters referenced in your answers to interrogatories.

**RESPONSE**:

Defendant objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome because, taken literally, this Interrogatory purports to require the identification of all persons with even a cursory familiarity with the facts alleged in the Complaint, or the underlying subject matters referenced in the Complaint. Certain information responsive to this Request will not be produced based on this objection. Defendant further objects to this Interrogatory to the extent it seeks documents and/or information which are of a confidential, proprietary, personal, or private nature to Defendant or its current, former, or prospective employees. For example, this Interrogatory purports to require the production of private information (name, address, telephone number, place of employment and job title) for all individuals with any information regarding the facts alleged in the Complaint, or the underlying subject matters referenced in the Complaint, without regard to whether the information they possess is relevant. To the extent that Plaintiff seeks to serve a subpoena or otherwise contact any former Teva employee identified below, Teva will cooperate in the facilitation of such communication. Certain information responsive to this Interrogatory will not be produced based on this objection. Defendant further objects to this Interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine. Taken literally, this Interrogatory purports to require Defendant to identify its counsel and the information it learned about this case through its investigation conducted solely for litigation purposes. Accordingly, this information, as well as other information responsive to this Request will not be produced.

Subject to and as narrowed by these objections, Defendant states that the following individuals have knowledge of the facts alleged in the Complaint, or the facts underlying the subject matters of this Complaint:

5

- Diana Borges – Compliance Officer for Global Systems Marketing – Has knowledge regarding Hall's employment with Teva, Hall's job duties, and the allegations in Hall's complaint regarding compliance, internal controls, and monitoring of the Latin America region.  Ms. Borges can be contacted through the undersigned counsel.

- Michael Dearborn – Former Senior Vice President and Chief Compliance Officer – Has knowledge regarding Hall's employment with Teva, Hall's job duties, and Hall's allegations regarding compliance, internal controls, and monitoring of the Latin America region.  Mr. Dearborn can be contacted through the undersigned counsel.

- Lisa Devitis – Former Teva employee – Has knowledge regarding Hall's employment with Teva, Hall's job duties, and Hall's allegations regarding compliance, internal controls, and monitoring of the Latin America region.  Ms. Devitis can be contacted through the undersigned counsel.

- Debbie Griffin – Chief Accounting Officer – Has knowledge regarding Hall's employment with Teva, Hall's job duties, Hall's termination and alleged denial of a promotion, Hall's allegations regarding compliance, internal controls, and monitoring of the Latin America region.  Ms. Griffin can be contacted through the undersigned counsel.

- Pamela Daknis – U.S. Human Resources Lead, Generics & Support Functions – Has knowledge regarding Hall's employment with Teva, Hall's job duties, and Teva's compliance investigation regarding Hall.  Ms. Daknis can be contacted through the undersigned counsel.

- Michael Rahill – Former Teva employee – Has knowledge of Teva's compliance investigation regarding Hall.  Mr. Rahill can be contacted through the undersigned counsel.

- Thelma Caballero-Powell – Former Associate Human Resources Director in Weston, Florida – Has knowledge regarding Hall's employment with Teva, Hall's job duties, and Teva's compliance investigation regarding Hall.  Ms. Caballero-Powell can be contacted through the undersigned counsel.

- Jennifer Flaisher – Vice President of Human Resources for the United States– Has knowledge regarding Teva's compliance investigation regarding Hall, her termination and Teva's electronic communication policies.  Ms. Flaisher can be contacted through the undersigned counsel.

- Kate Veit – Director, Global Compliance, Office of Business Integrity & Investigations – Has knowledge of Teva's compliance investigation regarding Hall and the manner in which OBI receives, catalogues and investigates anonymous complaints reporting alleged violations of Teva's Code of Conduct generally.  Ms. Veit can be contacted through the undersigned counsel.

- H.B. Gordon – Senior eDiscovery Analyst, EnCE, Legal Affairs – Has knowledge of Teva's compliance investigation regarding Hall, including the forensic examination that was conducted of Hall's laptop computer and the process by which her email was extracted from Teva's network server. Mr. Gordon can be contacted through the undersigned counsel.

- Maureen McCormack – Former Senior Director of Records/Information Management – Has knowledge of records and items that were found in Hall's office, including, but not limited to, those relating to or reflecting personal, non-Teva business matters. Ms. McCormack can be contacted through the undersigned counsel.

- Russell Beyer – Head of Americas Finance Operations – May have knowledge of Teva's compliance investigation regarding Hall. Mr. Beyer can be contacted through the undersigned counsel.

- Wayne Gray – Systems Administrator II – Has knowledge of Hall's activities and conduct related to personal, non-Teva business matters. Mr. Gray can be contacted through the undersigned counsel.

- All other current or former Teva employees referenced in Plaintiff's Initial Disclosures.

- All individuals referenced in Plaintiff's Complaint that are not otherwise referenced above. These individuals can be contacted through the undersigned counsel.

3.  Please state the specific nature and substance of the knowledge that you believe the person(s) identified in your response to Interrogatory No. 2 may have.

**RESPONSE**:

Defendant objects to Interrogatory No. 3 on the grounds that it is overbroad and unduly burdensome because, taken literally, this Interrogatory purports to require the identification of all persons with even a cursory familiarity with the facts alleged in the Complaint, or the underlying subject matters referenced in the Complaint. Certain information responsive to this Interrogatory will not be produced based on these objections.

Subject to and as narrowed by these objections, Defendant refers Plaintiff to the information identified in Defendant's response to Interrogatory No. 2.

4. As to the decision to terminate Plaintiff's employment:

(a) identify each person who had input into that decision, participated in that decision, finally made or executed that decision, and state the role of each person (e.g., recommended the decision; reviewed the decision; made the decision, communicated the decision, etc.);

(b) specify the dates of and identify the participants in any and all discussions (verbal or written) in deciding to terminate Plaintiff's employment;

(c) specify each reason for terminating Plaintiff's employment, and;

(d) identify each document that was reviewed, used and/or created during the decision making process, provided a basis for the decision, or was used in an after-the-fact analysis of the decision.

**RESPONSE:**

Defendant objects to Interrogatory No. 4 to the extent that it seeks the production of documents and/or information that is protected from disclosure by the attorney-client privilege and/or work product doctrine. For example, this Interrogatory purports to require the production of documents and/or information created by or at the direction of Teva's in-house counsel in connection with Teva's Office of Business Integrity investigation into the allegations against Hall and the decision to terminate her employment. Accordingly, this information, as well as other privileged information, will not be produced.

**Subpart (a):**

Subject to and as narrowed by these objections, Defendant responds as follows:

- Jennifer Flaisher – Human Resources – Ms. Flaisher recommended terminating Hall's employment based on the findings of Teva's Office of Business Integrity into the OBI complaint related to Hall.

- Debbie Griffin – Chief Accounting Officer – Ms. Griffin approved Ms. Flaisher's recommendation to terminate Hall's employment.

- Thelma Caballero-Powell – Human Resources Director in Weston, Florida. – Ms. Caballero-Powell drafted the script that was read to Hall regarding the termination of her employment on November 25, 2014.  Ms. Cabello-Powell met with Hall on November 25, 2014 to inform her that her employment with Teva was terminated.

- Kate Veit – Director, Global Compliance, Office of Business Integrity & Investigations – Ms. Veit has knowledge of Teva's compliance investigation regarding Hall.

- Pamela Daknis – U.S. Human Resources Lead, Generics & Support Functions – Ms. Daknis was involved in making the decision to terminate Hall.

- Michael Rahill – Former Teva employee – Has knowledge of Teva's compliance investigation regarding Hall.

**Subpart (b):**

Subject and as narrowed by these objections, and pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers Plaintiff to the Office of Business Integrity Investigative Report produced in response to Plaintiff's First Set of Document Requests No. 6, 11, and 13.  By way of further response, Defendant states that it will produce additional responsive and non-privileged documents and/or information, if any, after the parties agree to an Electronically Stored Information ("ESI") protocol.

**Subpart (c):**

Subject to and as narrowed by these objections, and pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers Plaintiff to the Office of Business Integrity Investigative Report produced in response to Plaintiff's First Set of Document Requests No. 6, 11, and 13.

**Subpart (d):**

Subject to and as narrowed by these objections, and pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers Plaintiff to the Office of Business Integrity Investigative Report produced in response to Plaintiff's First Set of Document Requests No. 6, 11, and 13.  By

way of further response, Defendant refers Plaintiff to relevant emails reviewed by Teva during the Office of Business Integrity investigation of the allegations against Hall produced in response to Plaintiff's First Set of Document Requests No. 6, 11, and 13. By way of further response, Defendant states that it will produce additional responsive and non- privileged documents and/or information, if any, after the parties agree to an ESI protocol.

5. Describe in detail how and why Defendant decided not to select Plaintiff for the Financial Compliance Director position in or around 2014, including but not limited to:

(a) identifying each person who had input into that decision, participated in that decision, finally made or executed that decision, and state the role of each person (e.g., recommended the decision; reviewed the decision; made the decision, communicated the decision, etc.);

(b) specifying each reason for not selecting Plaintiff for the position;

(c) specifying the dates of and identifying the participants in any and all discussions (verbal or written) in deciding not to select Plaintiff for the position; and

(d) identify each document that was reviewed, used and/or created during the decision making process, provided a basis for the decision, or was used in an after-the-fact analysis of the decision.

**RESPONSE**:

Defendant objects to Interrogatory No. 5 to the extent that it seeks the production of documents and/or information that is protected from disclosure by the attorney-client privilege and/or work product doctrine. For example, this Interrogatory purports to require the production of documents and/or information created by or at the direction of Teva's in-house counsel, as well as legal advice provided by Teva's in-house counsel in connection with Hall's application

10

and candidacy for the position. Further, this Interrogatory purports to require the production of documents and/or information created by or at the direction of Teva's in-house counsel in connection with Teva's Office of Business Integrity investigation into the allegations against Hall. Accordingly, this information, as well as other privileged information, will not be produced. Defendant further objects to this Interrogatory to the extent it seeks documents and/or information which are of a confidential, proprietary, personal, or private nature to Defendant or its current, former, or prospective employees. For example, this Interrogatory purports to require the production other candidates' applications, including, but not limited to, their resumes. Thus, this information will not be produced until the parties execute a stipulated order of confidentiality.

**Subpart (a):**

Subject to and as narrowed by these objections, Defendant states that the following individuals were aware that Hall applied for the Financial Compliance Director position and/or played a role in deciding not to select Hall for the position:

- Michael Rahill – Former Teva employee – Mr. Rahill was aware that Hall applied for the Finance Director position.

- Pamela Daknis – U.S. Human Resources Lead, Generics & Support Functions – Ms. Daknis was aware that Hall applied for the Finance Director position.

- Thelma Caballero-Powell – Former Associate Human Resources Director in Weston, Florida – Ms. Caballero-Powell was aware that Hall applied for the Financial Director position.

- Jennifer Flaisher – Vice President of Human Resources for the United States – Ms. Flaisher was aware that Hall applied for the Finance Director position.
Flaisher advised Griffin to interview Hall for the position.

- Debbie Griffin – Chief Accounting Officer – Griffin interviewed Hall for the position. Griffin decided not to promote Hall to the position.

11

- Kristine Kushmore – Senior Talent Acquisition Partner – Ms. Kushmore was aware that Hall applied for the Finance Director position.

**Subpart (b):**

Subject to and as narrowed by these objections, Hall did not receive the Financial Compliance Director position because the allegations made subject to the Office of Business Integrity investigation were substantiated and, as a result, she was not further considered for the position. Subsequently, a qualified candidate was hired as Teva's Financial Compliance Director.

**Subpart (c):**

Subject to and as narrowed by these objections, Defendant states that Teva employees discussed Hall's candidacy for the Financial Compliance Director position between October 20, 2014 and November 25, 2014. Specifically, members of Teva's Human Resources communicated with Debbie Griffin and Teva's in-house counsel regarding Hall's candidacy during this time. Further, and pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers Plaintiff to documents produced in response to Plaintiff's First Set of Document Requests No. 7. By way of further response, Defendant states that it will produce additional responsive and non-privileged documents and/or information, if any, after the parties agree to an ESI protocol.

**Subpart (d):**

Subject to and as narrowed by these objections, and pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers Plaintiff documents produced in response to Plaintiff's First Set of Document Requests No. 7. By way of further response, Defendant states that it will

produce additional responsive and non- privileged documents and/or information, if any, after the parties agree to an Electronically Stored Information protocol.

      6.      As to any investigation performed by Defendant concerning whether Plaintiff had used Teva assets to conduct personal business:

      (a)      identify each person who participated in such an investigation and state the roll performed by each person;

      (b)      identify each person interviewed as part of any investigation;

      (c)      identify each person present during any interview;

      (d)      specify the date and time of each interview;

      (e)      identify each document reviewed as part of each such investigation;

      (f)      identify each person to whom the results of any investigation were communicated; and

      (g)      identify each person possessing either notes or a report of each such investigation.

**RESPONSE**:

Defendant objects to this Interrogatory to the extent that it seeks the production of documents and/or information that is protected from disclosure by the attorney-client privilege and/or work product doctrine. For example, this Interrogatory purports to require the production of documents and/or information created by or at the direction of Teva's in-house counsel as part of the Office of Business Integrity investigation, as well as the disclosure of legal advice provided by Teva's in-house counsel in connection with the investigation into the allegations against Hall. Accordingly, this this information, as well as other privileged information, will not be produced. Specifically, Defendant objects to subpart (e) on the grounds that it is overbroad

13

and unduly burdensome because, taken literally, subpart (e) requires Defendant to identify every single email from Hall's Teva Outlook email account from July 2013 to July 2014 that was reviewed as part of the Office of Business Integrity investigation of the allegations against Hall. Certain documents will not be produced based on this objection.

**Subpart (a):**

Subject to and as narrowed by these objections, Defendant states that the following individuals participated in the Office of Business Integrity investigation of the allegations against Hall:

- Michael Rahill – Former Teva employee – Mr. Rahill led and conducted the Teva Office of Business Integrity investigation of the allegations against Hall and drafted the investigation report regarding the investigation findings.

- Jennifer Flaisher – Vice President of Human Resources for the United States – Ms. Flaisher notified Ms. Griffin of the Office of Business Integrity investigation of the allegations against Hall and the findings of the investigation.

- Thelma Caballero-Powell – Former Associate Human Resources Director in Weston, Florida – Ms. Caballero-Powell provided information to Mr. Rahill regarding Hall in order for Mr. Rahill to conduct the Office of Business Integrity investigation of the allegations against Hall.

- H.B. Gordon – Senior eDiscovery Analyst, EnCE, Legal Affairs – Mr. Gordon completed a visual inspection of Hall's laptop as part of the Office of Business Integrity investigation of the allegations against Hall.

- Russell Beyer – Head of Americas Finance Operations – Mr. Beyer reviewed data regarding Teva identification cards and video in connection with the Office of Business Integrity investigation of the allegations against Hall.

- Kate Veit – Director, Global Compliance, Office of Business Integrity & Investigations – Ms. Veit supervised and oversaw Mr. Rahill's Office of Business Integrity investigation of the allegations against Hall.

**Subparts (b), (c), (d), and (e):**

Subject to and as narrowed by these objections, and pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers Plaintiff to the Office of Business Integrity Investigative Report produced in response to Plaintiff's First Set of Document Requests No. 6, 11, and 13.  By way of further response, Defendant refers Plaintiff to relevant emails reviewed by Teva during the Office of Business Integrity investigation of the allegations against Hall produced in response to Plaintiff's First Set of Document Requests No. 6, 11, and 13.  Defendant states that it will produce additional responsive and non- privileged documents and/or information, if any, after the parties agree to an ESI protocol.

**Subject (f):**

Subject to and as narrowed by these objections, Defendant states that the results of the Office of Business Integrity investigation of the allegations against Hall were communicated to the following individuals:

- Kate Veit – Director, Global Compliance, Office of Business Integrity & Investigations.

- Jennifer Flaisher – Vice President of Human Resources for the United States.

- Thelma Caballero-Powell – Former Associate Human Resources Director in Weston, Florida.

- Debbie Griffin – Chief Accounting Officer.

- Michael Dearborn – Former Senior Vice President and Chief Compliance Officer.

- Pamela Daknis – U.S. Human Resources Lead, Generics & Support Functions.

- Employees of the Securities and Exchange Commission, Department of Justice and Federal Bureau of Investigation that were involved in investigating alleged FCPA violations by Teva.

**Subpart (g):**

Subject to and as narrowed by these objections, Defendant states that pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers Plaintiff to the Office of Business Integrity Investigative Report produced in response to Plaintiff's First Set of Document Requests No. 6, 11, and 13. By way of further response, Defendant states that it will produce additional responsive and non- privileged documents and/or information, if any, after the parties agree to an ESI protocol.

7.   Please describe the specific nature and substance of any testimony, statement, knowledge or information that any person(s) identified in your response to Interrogatory No. 6(b) provided during any such interview.

**RESPONSE:**

Subject to and as narrowed by above general objections, and pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers Plaintiff to the Office of Business Integrity Investigative Report produced in response to Plaintiff's First Set of Document Requests No. 6, 11, and 13. By way of further response, Defendant states that it will produce additional responsive and non- documents and/or information, if any, after the parties agree to an ESI protocol.

8.   Identify any witness who has knowledge of or will testify in support of, or any documents related to, the following statement furnished to the Florida Department of Economic Opportunity regarding Plaintiff's termination:

(a)   Plaintiff was discharged for "instigating conflict on the job."

**RESPONSE:**

 Subject to and as narrowed by the above general objections, after a reasonable inquiry, Defendant is not aware of any employee that has knowledge or will testify in support of, or any documents related to the statement furnished to the Florida Department of Economic Opportunity that Plaintiff was discharged for "instigating conflict on the job."

 9. With regard to each element of Plaintiff's most recent total compensation package, state the value to Plaintiff per year in actual dollars and as a percentage of Plaintiff's total compensation.  Such elements include, but are not limited to salary, bonuses, commissions; Social Security taxes (FICA and MICA); unemployment compensation and workers compensation taxes; contributions to defined benefit pension plans, defined contribution pension plans, 401(k) plans and/or profit sharing plans; stock bonuses, ESOPs, stock options; life insurance and death benefits, major medical/hospital insurance, retiree major medical/hospital insurance, short and long term disability insurance, dental insurance, vision care insurance; paid rest periods, holidays, vacations and sick leave; company discounts, employee education, child care and any other benefit or thing of value given by the Defendant or received by Plaintiff in exchange for the services performed by Plaintiff while employed by Defendant.

**RESPONSE**:

 Defendant objects to the Interrogatory No. 9 on the grounds that it imposes burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the the Federal Rules of Civil Procedure and/or the Local Civil Rules for the United States District Court for the Southern District of Florida.  Specifically, Defendant is not required to provide a specific analysis of the components of Plaintiff's compensation.

Subject to and as narrowed by this objection, and pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers Plaintiff to the compensation information produced in response to Plaintiff's First Set of Document Requests No. 5.

February 2, 2016                                     Respectfully submitted,

                                                                                *s/ Sarah E. Bouchard*
Sarah E. Bouchard (admitted *pro hac vice*)
Lauren E. Marzullo (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
Telephone: 215-963-5000
Email: sbouchard@morganlewis.com
Email: lmarzullo@morganlewis.com

Sharon A. Lisitzky
Florida Bar No. 0382700
MORGAN, LEWIS & BOCKIUS LLP
200 South Biscayne Boulevard
Suite 5300
Miami, Florida  33131-2339
Telephone: 305.415.3369
Facsimile:  305.415.3001
slisitzky@morganlewis.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2016, the foregoing document is being served on all counsel of record below via e-mail.

## SERVICE LIST

William R. Amlong
WRAmlong@TheAmlongFirm.com
Ryan Brenton
RBrenton@TheAmlongFirm.com
Amlong & Amlong, P.A.
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, Florida 33301
Telephone: 954.462.1983

*Counsel for Plaintiff*

*s/ Sarah E. Bouchard*
Sarah E. Bouchard

19